UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kalan Sherrard,<br><br>        Plaintiff,<br><br>    - against -<br><br>City of New York, Hanjie Lu and Jose Tavares,<br><br>        Defendants. | 14 Civ. 9321 (NRB)<br><br>Amended Complaint and Jury Demand |

Plaintiff, by his attorney, Michael G. O'Neill, complains against defendants as follows:

1.      This is an action alleging violation of plaintiff's civil and constitutional rights and violation of state tort laws governing false arrest and false imprisonment.

2.      This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

3.      Venue is proper in the Southern District because one or more defendants are residents of the Southern District.

4.      Plaintiff is an individual and resides in the State of New York.

5.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.

6.      Defendant Hanjie Lu, Shield No. 1828, (sued herein as Hanjie Liu) is a Sergeant in the New York City Police Department ("NYPD").

7.      Defendant Police Officer Jose Tavares ("Tavares"), Shield No. 20300, is an employee of the NYPD and was plaintiff's arresting officer.

8.      On April 6, 2014, at about 1:00 a.m., plaintiff, an artist, was giving a

1

performance at the 42nd Street Subway Mezzanine under Times Square when he was approached by Sergeant Lu.[1]

9.      Sergeant Lu walked up to plaintiff, who at the time was crouched on the ground close to the wall, and told plaintiff to cease his performance and to leave the area.

10.      Plaintiff responded by asking Sergeant Lu why he was being told to leave, and cited Metropolitan Transit Authority ("MTA") rules expressly allowing artistic performances on MTA property. After an exchange between the two lasting not more than 45 seconds, Sergeant Lu informed plaintiff that he was being placed under arrest.

11.      Lu then directed Officer Tavares, another officer on the scene, to arrest plaintiff in the middle of the Mezzanine platform, as dozens of onlookers and passersby watched.

12.      After plaintiff was placed in handcuffs, Office Tavares searched plaintiff's effects and person.

13.      Officer Tavares damaged plaintiff's property in the process of searching it, specifically an antique briefcase that was part of plaintiff's artistic performance.

14.      Plaintiff was next led out of the subway station by Officer Tavares and other officers and out into Times Square, where several squad cars were waiting.

15.      Plaintiff was taken by Officer Tavares and other officers from Times Square to the confines of the 14th Precinct, where he was held in custody until approximately 4 a.m., at which time he was released on his own recognizance after signing a Desk Appearance Ticket

---

[1]    The entire scene, including the arrest, was captured on video and is available for viewing online at the following link: https://www.youtube.com/watch?v=-23SZ4xdsH4. The video is also available by searching for the following on the YouTube website: "Street Artist Unlawfully Arrested for Performing Under Times Square."

and agreeing to appear and answer to the charges against him.

16.        Plaintiff appeared at court on June 9, 2014, and was informed by the court that all the charges against him had been dismissed.

17.        Plaintiff was not causing a disturbance or blocking pedestrian traffic with his performance.  Sergeant Lu and Officer Tavares had no probable cause to arrest or detain plaintiff.

18.        Sergeant Lu and Officer Tavares knew or should have known that plaintiff had not violated any law.

19.        Officer Tavares knew or should have known that Sergeant Lu's instruction to arrest plaintiff was unconstitutional or otherwise contrary to law.

20.        For the entirety of the incidents complained of herein, Sergeant Lu and Officer Tavares were acting within the scope of their employment as employees of the City of New York.

21.        On or about June 25, 2014, and within ninety days after plaintiff's action arose, plaintiff duly filed a Notice of Claim against defendant New York City for injuries suffered as a result of the false arrest and unlawful imprisonment of plaintiff by its employees.

22.        Thereafter a 50-h hearing was duly held on August 29, 2014 pursuant to notice given by the City.

23.        At least thirty days have elapsed since the demand or claim upon which this action is founded was presented to the City for adjustment or payment thereof, and the City has neglected and refused to make any adjustment or payment thereof.

24.        This action is brought within one year and ninety days of plaintiff's arrest.

## Claim One.

25.          On April 6, 2014, Defendants Sergeant Hanjie Lu and Police Officer Jose Tavares violated plaintiff's right, guaranteed to him under the Fourth Amendment of the United States Constitution, to be free of unreasonable search and seizure.

26.          Defendants Sergeant Hanjie Lu and Police Officer Jose Tavares were acting under color of state law, and are liable to plaintiff under 42 U.S.C. §1983.

## Claim Two.

27.          On April 6, 2014, Defendants Sergeant Hanjie Lu and Police Officer Jose Tavares caused plaintiff to be falsely arrested, or otherwise contributed to or acquiesced in the false arrest of plaintiff.

28.          Defendants Sergeant Hanjie Lu and Police Officer Jose Tavares were acting within the scope of their employment as officers of the NYPD when they falsely arrested plaintiff, and the City of New York is vicariously liable for their conduct.

## Claim Three.

29.          On April 6, 2014, Defendants Sergeant Lu and Police Officer Jose Tavares caused plaintiff to be falsely imprisoned, or otherwise contributed to or acquiesced in the false imprisonment of plaintiff.

30.          Sergeant Lu and Officer Tavares were acting within the scope of their employment as officers of the NYPD when they caused plaintiff to be falsely imprisoned, and

4

the City of New York is vicariously liable for their conduct.

WHEREFORE, plaintiff demands judgment for all relief provided under the applicable Statutes, ordinances and law under any theory or cause of action that can be supported based on the events and transactions alleged herein, whether or not specifically identified herein, including, without limitation:

(a) Under all causes of action, money damages in an amount to be determined by a jury to compensate plaintiff for the injuries caused by the wrongs alleged herein, including economic injuries and non-economic injuries, including emotional pain and suffering, shame, humiliation, distress, etc.;

(b) Under all causes of action, punitive damages in an amount to be determined by a jury;

(c) Under all causes of action, a statutory attorneys' fee award; and

(d) Under all causes of action, prejudgment interest, costs, and such further and additional relief as the Court deems just and proper.

Dated: New York, New York  
      March 7, 2016                 LAW OFFICE OF MICHAEL G. O'NEILL

By:  Benjamin L. Federici  
*Attorneys for Plaintiff*  
30 Vesey Street, Third Floor  
New York, New York 10007  
(212) 581-0990

5

# Jury Demand

Plaintiff demands trial by jury on all issues.

Dated: New York, New York
      March 7, 2016

LAW OFFICE OF MICHAEL G. O'NEILL

By:  Benjamin L. Federici
*Attorneys for Plaintiff*
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990

6